# DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 3:22-cr-0005 |
| ) | |
| **WASHINGTON CAMPAZ REBOLLEDO,** ) | |
| **ANDRES FELIPE ASPIRILLA TERRES, and** ) | |
| **JHON STIVEN RIASCOS VIVEROS,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## ORDER

**BEFORE THE COURT** is Defendant Washington Campaz Rebolledo's ("Campaz") unopposed motion to continue trial and supplement to consent motion to continue trial (ECF Nos. 69 and 70.) Also before the Court is Defendant Jhon Stiven Riascos Viveros' ("Viveros") motion to continue trial due to conflict of calendar. (ECF No. 71.) For the reasons stated herein, the Court will grant the motions. The time to try this case is extended up to and including February 6, 2023.

On September 26, 2022, Defendant Campaz filed his motion to continue the jury selection and trial in this matter, currently scheduled for October 17, 2022. *See* ECF No. 69. In his motion, Campaz asserts a number of justifications for a continuance. *See id.* First Campaz asserts that counsel "had to wait for Mr. Campaz to clear quarantine," and that, as a result, he has not been able to "finalize divulging and discussing the discovery in this case which is quite sizeable." *Id.* at 1. Next, Campaz asserts that his counsel has several conflicting matters unrelated to the instant action, including a matter in state court that resolved short of trial, two upcoming sentencing hearings, and a matter before the District Court of Connecticut. *Id.* Campaz further asserts that both he and his counsel have been faced with logistical issues due to Hurricane Fiona. *Id.* at 2. As a result, Campaz seeks a ninety-day continuance to communicate with his counsel and discuss potential resolutions short of trial. *Id.* Neither the Government nor Campaz's co-defendants oppose the motion. (ECF No. 69 at 2); *see also* (ECF No. 70.)

*United States v. Campaz Rebolledo et al.*
Case No.: 3:22-cr-0005
Order
Page 2 of 3

Defendant Viveros filed his motion to continue on October 3, 2022. (ECF No. 71.) In his motion, Viveros asserts that a continuance is warranted due to his counsel being scheduled for trial in an unrelated matter of high complexity on October 17, 2022, before the District Court of Puerto Rico. *Id.* at 1. Viveros also asserts that all other parties have agreed to the continuance. *Id.* at 2.

Under the Speedy Trial Act, courts should consider "[w]hether the failure to grant such a continuance in a case . . . would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation." 18 U.S.C. § 3161(h)(7)(B)(iv).

Consistent with this concern, the United States Court of Appeals for the Third Circuit has recognized that "whether or not a case is 'unusual' or 'complex,' an 'ends of justice' continuance may in appropriate circumstances be granted." *United States v. Fields*, 39 F.3d 439, 444 (3d Cir. 1994) (finding that the district court had properly granted an "ends of justice" continuance to "permit plea negotiations to continue"); *see also United States v. Stallings*, 701 F. App'x 164, 170-71 (3d Cir. 2017) (upholding an ends of justice continuance based in part on counsel's family emergency and scheduling conflicts); *cf. United States v. Dota*, 33 F.3d 1179 (9th Cir. 1994) ("An ends of justice continuance may be justified on grounds that one side needs more time to prepare for trial [even if the] case [i]s not 'complex.'").

While the Speedy Trial Act requires that defendants be tried within seventy days of indictment, the Court specifically finds that extending this period would be in the best interest of justice. Here, an extension of time is necessary to allow Campaz time to prepare his defense and participate in plea negotiations with the United States. An extension is further warranted to ensure continuity of counsel for Campaz and Viveros, which would otherwise be compromised due to scheduling conflicts.

The premises considered, it is hereby

**ORDERED** that Defendant Pedro Campaz Rebolledo's motion to continue, ECF No. 69; Campaz's supplement to motion to continue, ECF No. 70; and Defendant Jhon Stiven Riascos Viveros' motion to continue, ECF No. 71, are **GRANTED**; it is further

**ORDERED** that the time beginning from the date of this order granting an extension through February 6, 2023, **SHALL** be excluded in computing the time within which the trial in this matter must be initiated pursuant to 18 U.S.C. § 3161; it is further

**ORDERED** that the parties **SHALL** file and serve a pre-trial brief no later than January 27, 2023, which shall include the following: (a) proposed list of witnesses; (b) proposed list of exhibits; (c) estimated length of case-in-chief and case-in-defense; (d) proposed non-standard *voir dire* questions; and (e) proposed non-standard jury instructions related to the elements of the charges and defenses; it is further

**ORDERED** that the parties **SHALL** provide the Clerk of Court with a USB Flash Drive containing electronic versions of exhibits no later than February 1, 2023;[1] and it is further

**ORDERED** that the Jury Selection and Trial previously scheduled for October 17, 2022, is hereby **CONTINUED** to commence promptly at **9:00 a.m. on February 6, 2023,** in St. Thomas Courtroom 1.

**Dated:** October 6, 2022               */s/Robert A. Molloy*
                                          **ROBERT A. MOLLOY**
                                          **Chief Judge**

---

[1] Counsel are advised to consult with Court technical staff to determine the proper format for saving electronic versions of exhibits. The Government's trial exhibits shall be labelled sequentially beginning with Government's Exhibit 1. Defense exhibits shall be labelled sequentially beginning with Defense Exhibit A.